Thomas Birch, Director of the Appellate Clinic at the University of Georgia, today one of our third-year students, Mr. Jake Edwards, will argue the case on our behalf, and I'll be sitting at council table. Thank you very much, Your Honors. Thank you. Welcome, Mr. Edwards. Mr. Chief Judge, Your Honors, may it please the Court, my name is Jacob Edwards, and I represent Mr. William Gray in this case. This case is about whether Mr. Gray, after being resentenced and obtaining a new judgment, can attack his undisturbed underlying conviction. This Court should allow a petitioner to attack their undisturbed conviction after obtaining a new judgment for two reasons. First, because the text of Sections 2244 and 2254 only bar second or successive applications against the same State court judgment. And second, because this Court's pre-Magwood precedent does not preclude this Court from attacking the entirety of their new judgment. I don't mean to short-circuit your argument, Mr. Edwards, but could you just say Magwood and sit down? I mean, doesn't that largely answer the question before us, or not? Absolutely, Your Honor. I would say Magwood and then the five circuit courts of appeals who have interpreted Magwood in this almost identical factual scenario. I do need to hear, though, how you handle our precedent in Wright and Taylor, which does favor a claims-based approach. Yes, Your Honor. More specifically to the second point I noted before, this Court has never addressed this exact issue, and it would not have to retool Fourth Circuit precedent to find that a petitioner in Mr. Gray's position can attack the entirety of his new judgment. The case in Williams cited by the State in this case is not a new judgment case, similar to the Wright case that you just noted previously. And the Supreme Court in Magwood stated specifically that a case not involving a new judgment casts no light in determining the effect that a new judgment would have on the secondness or successiveness of a petitioner's application. And the State in Magwood tried to rely on pre-AEDPA cases, such as Wright and Williams and Taylor, that this Court has penned, and in interpreting the second or successive bar of 2244. And the Court stated that it misplaced reliance and a misunderstanding of the issue by relying on those pre-AEDPA, those post-AEDPA, pre-Magwood cases. And this Court in Williams stated that a petitioner cannot be allowed to resurrect claims previously denied on the merits, but the facts of that case did not require this Court to determine the effect that a new judgment would have on an applicant's ability to attack their undisturbed convictions. So it wouldn't control the effect that the new judgment Mr. Gray has obtained in this case would have on the secondness or successiveness of his current application. And similarly, this Court in Taylor didn't decide the issue before us today. Instead, the Taylor case was much more factually similar to what the Supreme Court faced in Magwood, where the petitioner had been resentenced, therefore obtaining a new judgment, and he was attacking the — not his undisturbed section, his conviction, but his resentencing procedure itself. And the State, in their response brief, points to a single footnote in Taylor where this Court discussed the issue that is before us today, whether Taylor could have raised a point that he had the opportunity to raise in a prior application. But discussion beyond what this Court faced in Taylor would be merely dicta. And to the extent that the footnote in Taylor does address this issue, it appears to be irreconcilable with what this Court decided in Magwood. The Taylor footnote cited by the State noted that the government had a concern over applicants raising claims that could have been raised in a prior application. However, that was a very popular pre-Magwood argument by States in this situation, that 2244 and 2254 was a claims-based statute. And instead of looking at whether someone obtained a new judgment, courts should consider the newness of claims. However, the Court in Magwood reversed the Eleventh Circuit in that holding and found that Mr. Magwood could attack his new judgment because that is what he had obtained before that application. This Court in Taylor noted that a petitioner may solely attack claims that arose after obtaining a new judgment in that footnote, and that's directly contrary to what the Supreme Court said in Magwood. In Magwood, the petitioner was allowed … But can we go back to the Wright case, which was most recent, in 2016, after Magwood, and just tell me in one sentence or two why Wright is not precedential in this case? Well, Your Honor, the case in Wright did not involve a new judgment. And as you noted in your opinion, in Wright, if there had been a new judgment, the case may have ended a different way. In fact, because Magwood did not apply, this Court applied the pre-AEDPA principles, the post-AEDPA precedent, looking at abusive writ principles. But in this case, since a new judgment applies, we can apply the textually based argument that the Supreme Court followed in Magwood. And more specifically, that textual based argument, the Court in Magwood looked to the text of 2244 and 2254 and found that a first petition challenging a new judgment is not second or successive at all. More specifically, the Court looked at the term second or successive and found that that modified an application, not the claims that a petitioner could bring in that application, but the application itself. And that application challenged in 2254 a particular State court judgment. This led the Court to conclude that the phrase second or successive must be interpreted with respect to the judgment challenged. And when there is a new judgment, the appellant is no longer attacking the same State court judgment as a prior application. Following that logic, the second or successive rule only bars multiple applications against the same State court judgment. And in this case, in 2015, Mr. Gray obtained a new judgment. This would reset the number of applications against that judgment to zero. And his first application, as in this case, cannot be second or successive at all. Would it also excuse a time bar claim? No, Your Honor. All this Court has to determine is if his application is second or successive. And to the time bar in Magwood and then repeated in the Ninth Circuit in Wentzell v. Nevin, the Court noted that there are procedural bars that are more apt to handle issues like this. In Magwood, Justice Thomas noted that it would be rather easy for a district court to dismiss a claim that has already been adjudicated on the merits. And in Wentzell v. Nevin, the Ninth Circuit went further and stated that the procedural bars of timeliness, ripeness, the difficulty of obtaining a new judgment in the first place, all of these are procedural bars that would halt this idea of frivolous, abuse of writ claims. And the State in this case argues that this Court, instead of following the straightforward new judgment approach outlined in Magwood, should revert back to the component approach to a petitioner's judgment. More specifically, the State in this case asks this Court to separate Mr. Gray's judgment into its component parts, considering what had been amended in his sentence and what had not in his conviction. However, the Supreme Court and this Circuit have clearly stated that a new judgment includes both the sentence and its conviction. In Deal v. United States, the Supreme Court said that a judgment of conviction includes both the adjudication of guilt and its sentence. And later, this Circuit in Dodson said that it's well established under AEDPA that a judgment is not final until both of its components are final. That would be the adjudication of guilt and the sentence. Applying that to Sections 2254, the language of 2254 only states that a successive application should be denied if attacking the judgment without meeting an exception. So the State's argument in this case requires this Court to read in the word unamended in front of judgment in 2254, saying that the application should be denied if attacking the unamended judgment. But the Court addressed this concern in Magwood when it stated that we cannot replace the actual text with speculation as to Congress's intent. In the State's response, they noted several times that the intent behind AEDPA was contrary to what this the five Circuit Courts of Appeals that have addressed this issue have found. But to read in that word based on the speculation of Congress's intent with AEDPA would be directly contrary to the text that Congress passed in Section 2254. And in addition to that, the Magwood opinion outlined the fact that the State's claims-based approach would read out some of the exceptions of 2254, especially in 2244b1, because it would render 2244 inapplicable to those claims entirely. This line of reasoning, that second or successive modifies an application and an application challenges a particular State court judgment, is the only logical reasoning, is the only logical reading of what the Supreme Court passed down in Magwood. That's why the Court used very specific language to describe the effect of a new judgment. The Court stated that a new judgment is dispositive in determining whether an application is second or successive. This Court said that if the Supreme Court said that if a new judgment exists, then the first application is not second or successive at all. Contrary to the Supreme Court's choice of language, dispositive and at all, the State in this case says that Mr. Gray's new judgment is not determinant. Instead, the State argues that what is determinative would be the timing of the errors that he's challenging in his new petition. But that's directly contrary to the idea of the new judgment being dispositive. Following the State's claims-based approach to its end, the new judgment would merely be a threshold question. And after someone obtains a new judgment, the dispositive, determinative question would be when and how those claims arose. And that's exactly what the Supreme Court reversed when they decided the Magwood opinion. The Eleventh Circuit in Magwood held that the first step in determining whether a 2244B applies is to separate the new claims, challenging the resentencing from the old claims that would or should have been presented in a prior application. Basically, the Eleventh Circuit focused on when claims arose, just as the State is trying to argue this Court should do in this case. But the Supreme Court in Magwood overruled the Eleventh Circuit and said that it was not the timing of errors that is dispositive. It is the existence of a new judgment. Since the Court rejected that times-based or opportunity-based approach, five separate courts of appeals have rejected the State's same argument in this case. The Second, the Third, the Sixth, the Ninth, and the Eleventh Circuits have all read Magwood to hold that a new judgment is truly dispositive and allows a petitioner to attack that new judgment with their new application. To combat the five separate circuit courts that have found that the new judgment approach in Magwood controls in a case just like this, a petitioner attacking their undisturbed conviction after obtaining a new judgment, the State points to a single paragraph in the Magwood decision that does address the newness of the errors. However, that paragraph on the last page of the Magwood decision was dicta. After the Supreme Court had already outlined its new judgment approach, after it had used terms like dispositive, saying that Mr. Magwood's claim was not second or successive at all. And in Magwood, the claims the petitioner was found able to raise included a fair warning claim along with his ineffective assistance of counsel claim. And that existed before the new judgment had been entered. The Supreme Court in Magwood stated that the State's concern that a petitioner can bring old claims after obtaining a new judgment was, in fact, greatly exaggerated, noting the procedural bars we discussed earlier. It went further to say that the lower court's decision and the State's argument relying on pre-AEDPA principles, the abuse of writ principles over the text of the statute, was a misplaced reliance. And to go back to this Court's, oh, I see my time's expired. Thank you, Your Honor. It has, but if you have a thought that you'd like to finish, you may. No, Your Honor. I'll address it on rebuttal. All right. Thank you. Mr. Rogolsky. May it please the Court, my name is Peter Rogolsky, I'm an Assistant Attorney General from the State of North Carolina. Judge Duncan, addressing your question, why doesn't the appellant simply say Magwood, if the Magwood Court had intended to establish a rule that said, and to establish the rule that the movement urges you to adopt, that any new judgment raises a successiveness bar? It could have said that. It could have very simply said, we hold that any new judgment raises, erases a successiveness bar. But they didn't do that. Instead, the Magwood Court went out of their way to emphasize that it did not decide the question that's presently before this Court. What happens when a defendant who receives sentencing relief comes back and now tries to attack the undisturbed conviction? Specifically indicated that they did not decide that question. As a matter of fact, it went out of its way to say, in addressing some of the concerns raised by the defense and raised by the State of Alabama, that any concerns that it had vis-à-vis that question were speculative and ought not to be of any concern at that particular point in time. The Magwood decision went on and talked not only about the newness of the judgment. And there's no question that the newness of the judgment is a line of demarcation. Because the newness of the judgment creates the finality for purposes of habeas law. But more importantly, the Magwood Court went out of its way to emphasize not only was the judgment new, but the error that the petitioner in that case sought to attack was also new. And it was new because that error was made in his original sentencing, and it was new because it was made the second time. And the Court was very clear that it was not just the newness of the judgment that controlled the outcome of that case. It was the newness of the error that the petitioner sought to raise. But it was the same error in the original resentencing. That is correct. What the reason that I'm a little bit, I'm having a little bit of difficulty is that the Supreme Court did seem to go out of its way to distance itself from the claim-by-claim approach that the Eleventh Circuit had adopted and focus on the judgment. Yes, that's correct. And why are you saying that does not cabin our analysis here? I think because the Magwood Court was concerned with some aspects of the abuse of the writ precedent, which did take the claim-by-claim approach. And what the Court was trying to emphasize was that the error or the sin of the Eleventh Circuit was that it went back to the first time that the error occurred and ignored the fact that the error occurred a second time. And that's why the Court went out of its way to emphasize that the error was new because the error occurred the second time he was resentenced. And they go out of their way again toward the end of the decision to talk about what happens if you have trial error and you have a petitioner who receives relief based on one of the trial errors, but the Court doesn't address the other, I believe in the example was 10 trial errors, but doesn't address the other error. And then he goes back for a retrial. And now, again, the Court commits the same 10 errors. The Court was making the point that, again, the errors are new because they've been recommitted. So that was the purpose. It's not just the judgment. It's the newness of the error. And contrary to what some people seem to believe about Magwood, Magwood did not remove the abuse of the writ principles from the analysis. That was on the opinion of two justices, Justices Thomas and Justice Scalia. All the rest of the justices in the Magwood Court said that in some circumstances, the abuse of the writ, excuse me, the abuse of the writ principles could still control. And they make very clear that once a determination has been made that a claim is successive, then the consideration has to be whether or not the claim is new or not. But if a defendant receives sentencing relief and comes back in and challenges the underlying conviction, doesn't the conviction which – isn't the conviction on which the sentence was based also new at that juncture? Well, it's clear that the – Because it's hard to – The judgment is clearly new and the underlying conviction is subsumed in the new judgment. There's no question but that's true. But the question then becomes whether or not the error occurred within the new proceeding. And so that's why we base this on you have to look at when the error occurred in relation to the last habeas application. Because that determines whether or not the error is new. So if you go back for resentencing, then on your new habeas, you're limited to challenging sentencing error. If you receive a new trial, then of course all the error is new because you're starting over from scratch. And again, I think that was one of the points that the Court was trying to make, particularly toward the end of its decision when it was drawing out the distinction of what happens when you raise meritorious claims but the only court rules on one of them. And then they recommit the same errors. It's new error. So very clearly, I don't think that Magwood is dispositive here. I think because Magwood went out of its way to number one cabinet's decision by saying we're only talking about resentencing here, talking about, you know, the newness of error. But then take a look at footnote 16. Again, when it's addressing some of the concerns of the dissent, it endorses the decisions of several courts based on abuse of the writ principles which cabin consideration on a second habeas or a successive habeas to sentencing errors only and would preclude those Petitioners from going back and trying to attack the underlying conviction. And specifically, that would be Walker, Esposito, and Lang. And more importantly, those decisions in part relied upon this Court's decision in Taylor. And Taylor, in turn, cited the Lang case. So I think footnote 16 could fairly be read to include this Court's precedent in the Taylor case. And in Taylor, it was very clear that where there was resentencing relief and there was new error that was being raised because it was the first opportunity for that Petitioner to address that error, he was allowed to proceed with a resentencing challenge. But this Court noted that if there was a circumstance where he was also looking to attack underlying conviction which was not new, then he would be precluded from doing so. So I think it's very clear that this Court's precedent ought to guide this decision. And as an example, I would cite to you the Suggs case. Suggs is a case that emanates from the Seventh Circuit. And Suggs said that they had already considered the issue that the Magwood Court had specifically precluded from consideration because it said it wasn't considering it. And that their precedent had dealt with that issue, that being the Dollar case, which adopted the dicta in Taylor. And said, just as we have here, where you have resentencing relief, you're limited on your second or successive habeas application to challenges to any new error that arose within the context of resentencing. But not any error that occurred in the undisturbed conviction. And that makes very perfectly good sense. Because the whole purpose of AEDPA was to streamline the process. Was to require that inmates bring their challenges at the first opportune moment to avoid piecemeal litigation. And I would ask the Court rhetorically, what's new here? This particular error was already raised before the District Court. The District Court gave it its due consideration. The District Court determined that this particular error was time barred. Which is an adjudication on the merits. This matter came before this Court. This Court considered the issue. By this time now, Dr. Gray had changed his tune. And now he was acknowledging that it was time barred. But now he was casting the ineffective assistance of his post-conviction and his trial counsel as an excuse for why the matter should be considered. But the point of the matter remains, this issue was raised. It was considered by the District Court. It was considered by this Court. And in both instances, it was upheld as time barred. He's had his opportunity. There's nothing new here. So again, I would urge that this Court follow the lead of the Suggs case. And Suggs set that where it had existing precedent that dictated the decision in the case that they would take Magwood at its word. That Magwood did not consider or decide the issue of what happens in a circumstance akin to what's before this Court. Where you have a defendant who has sentencing relief, who now comes back and tries to raise a claim that attacks the underlying conviction. And as a matter of fact, it's even a little worse than in that circumstance because I believe in Suggs, there was also at least one claim that was directed toward the resentencing. Here, none of the claims are directed toward the resentencing. You have a pure situation where a defendant is trying to go back and bootstrap a prior error that has already been raised and considered. So I would urge this Court to follow the lead of the Suggs Court and to determine that this should not be allowed to proceed and it should be found to be successive. Barring any further questions, thank you for your time and consideration, Your Honors. Stay with us. Thank you, Your Honors. In Magwood, the Supreme Court did address the fact that Mr. Magwood was challenging new errors. However, the Supreme Court did not go in any way to say that a petitioner could not challenge his undisturbed conviction. What about — what about counsel's argument about time bar? Well, Your Honor, Magwood addressed this issue more simply, saying that in this — in that case, all the Court had to determine was if the petitioner's application was second or successive. Well, you told me earlier that — that Magwood would not apply to preclude — would not excuse other procedural defaults such as time bar. No, Your Honor, and in this case — No, Your Honor, which? No, it doesn't, or no, you didn't say that? No, Your Honor, it — Magwood does not excuse time bar. The Court specifically noted that if there was a time bar or if it had been adjudicated on the merits, the district court would be in a position to easily — to easily go through that decision at the district court level. However, it's our understanding that Mr. Gray, in this case, using intervening Supreme Court precedent, will argue that his decision, his time barred adjudication on the merits of this case would be affected by the Quickens v. Perkins case. And in fact — But not by Magwood. No, Your Honor, no, Your Honor, not at all. And he'd be able to make that argument in the district court that his previous application being denied on the merits because of the statute of limitations is contrary to intervening Supreme Court precedent. But again, that's an easy decision for the district court to make because all circuit courts of appeals need to do is address the secondness or successiveness of his claim. And that further illustrates — the State, in this case, argues, and this Court, in the Wright decision, stated that one of AEDPA's principles was to streamline and make more efficient the process of making these types of claims. And in fact, Magwood's new judgment rule does that the most clearly. Instead of — Actually, it runs directly contrary to that because it brings everything back before us. I mean, if you're — it's hard for me to see that you prevail on a purpose on that type of analysis. What Magwood did was to say that the text trumps. Yes, Your Honor, absolutely. All I was saying was to the extent that this Court believes that that pre-AEDPA — that the AEDPA principle is at issue, the Court in the Ninth Circuit in Winslow v. Nevin noted that there were efficiency reasons in order to follow a Magwood's new judgment rule because district courts wouldn't have to separate these claims and send claims that are challenging an undisturbed conviction up to the court of appeals to determine if they can be brought and instead can address these issues unilaterally after a petitioner obtains a new judgment. And also, the State, in this case, points to the Seventh Circuit as a model for this because the Seventh Circuit is the only circuit court of appeals since Magwood to hold that a petitioner's application challenging their undisturbed conviction after a new judgment was second or successive. However, the Seventh Circuit had very particular precedent before they made their decision in the Suggs case. More specifically, the Dollar case in the Seventh Circuit had addressed this issue on point. It had addressed the fact that a petitioner could not bring an application against their undisturbed conviction after obtaining a new judgment. And because Magwood's holding did not directly overrule that, the Seventh Circuit almost reluctantly followed that pre-Magwood precedent. To the contrary, the Fourth Circuit does not have such on-point precedent. The State points to only three cases that address the issue here but simply do not address whether Mr. Gray would be able to attack his undisturbed conviction after obtaining a new judgment, first because the Wright case and the Williams case do not involve a new judgment. And the Taylor case is not a case in which the petitioner was attacking his undisturbed conviction. In fact, this Court's circuit precedent is much more similar to the Second Circuit and the Sixth Circuit in the Johnson and King case, respectively. In both of those circuits, the Second Circuit and the Sixth Circuit had precedent very similar to Taylor, issues that did not address if a petitioner could attack their undisturbed conviction, where the Court made commentary in either a footnote or near the end of opinions saying that someone wouldn't be allowed to bring a petition that they either had the opportunity to bring before. However, since Magwood, courts have changed their position in that issue. The State addresses footnote 16, where three circuit courts of appeals were quoted saying that they had addressed this issue. Those are the Seventh, the Sixth, and the Second. But since Magwood, since footnote 16, both the Second Circuit in Johnson and the Sixth Circuit in King have overruled the cases that are cited in footnote 16. And to the extent that the State believes that the Taylor case is particularly on point and decides this issue, it wasn't quoted by the Supreme Court in its footnote describing circuit courts that had addressed this issue. Instead, it only quoted those three courts, two of which have now been overruled. This Court should follow the Supreme Court's ruling in Magwood and the five circuit courts of appeals that have interpreted it and allow Mr. Gray to file his petition. Thank you very much, Your Honors. Thank you, Mr. Edwards. Also, the Court notes that Mr. Burch, you are a court opponent. And I thank you so much for your service. We couldn't do our job without it. And particularly so when you bring such able counsel with you, who's still at the Academy and University of Georgia, well represented. And thank you so much, Mr. Rogulski, as well, ably representing the Tar Heel State of North Carolina. We'll come down and greet counsel and proceed to our final case for the day.
judges: Roger L. Gregory, Allyson K. Duncan, Stephanie D. Thacker